UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

CRIMINAL ACTION

NO. 13-111-SDD-SCR

RAYMOND CHRISTOPHER REGGIE

**RULING**

This matter is before the Court on the Defendant's *Motion for Disqualification and Recusal of Judge Shelly Dick*[1] pursuant to 28 U.S.C. § 455.   The United States has filed an *Opposition* to this motion.[2]  The Defendant contends that, because the undersigned employs the wife of the United States Attorney for the Middle District of Louisiana as her civil law clerk, the undersigned's impartiality might reasonably be questioned in this matter.

On the morning of April 14, 2014, immediately prior to a scheduled evidentiary hearing, counsel for the Defendant approached the Court's staff requesting a status conference.  At the request of counsel, the Court conducted a status conference in chambers.  Counsel for the Defendant voiced concern that one of the Court's law clerks was the wife of the newly appointed United States Attorney for the Middle District of Louisiana.  The Court introduced counsel to the Court's criminal clerk assigned to the captioned matter and advised counsel that the clerk assigned to this matter is not married

---

[1] Rec. Doc. No. 101.

[2] Rec. Doc. No. 105.

to the U.S. Attorney for this district. The Court further advised counsel that the Court's second law clerk has been precluded from working on all cases (criminal and civil) represented by the United States Attorney's Office. The undersigned advised counsel for the Defendant that the law clerk in question, who is married to J. Walter Green, United States Attorney for the Middle District of Louisiana, has been recused from any and all matters in which the United States is a party, and has been since the law clerk's hire in May of 2013.[3] Counsel for the Defendant represented to the Court that he knew that to be the case because of research he had previously conducted. At no time in this conference or in the hearing which followed did the Defendant "request[] that Judge Dick recuse herself from this matter"[4] as he misrepresented in his brief. In fact, it would have been improper for counsel to make any motions during a status conference held off the record.[5] Counsel is hereby cautioned that the Court will not tolerate blatant factual misrepresentations in pleadings filed in this Court. This statement violates both Rule 3.3(a)(1) and Rule 8.4(c)

---

[3] It should be noted that, at the time of the law clerk's hire, Donald J. Cazayoux, Jr. was the United States Attorney for the Middle District of Louisiana. However, the referenced law clerk was nonetheless recused from all matters in which the United States is a party because of her husband's employment as an Assistant United States Attorney at the time. This law clerk has worked on a *qui tam* matter, 12 cv 219, instituted by a relator on behalf of the United States; however, the United States has declined to intervene as an interested party and is not represented by the United States Attorney's Office.

[4] Rec. Doc. No. 101-1, p. 2.

[5] Local Rule 7.1 requires that "[a]ll motions except those made during a hearing or trial which is being properly recorded into the court record shall be made in writing.

of the Louisiana Rules of Professional Conduct.[6]  Any further misrepresentations by counsel for the Defendant will be met with sanctions.

The standard for recusal is governed by 28 U.S.C. § 455(a), which provides in pertinent part:

> (a) Any justice, judge, or magistrate [magistrate judge] of the United States shall disqualify [her]self in any proceeding in which h[er] impartiality might reasonably be questioned.
>
> (b) [S]he shall also disqualify [her]self in the following circumstances:
>
>> (1) Where [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding ...

The standard for determining impartiality depends on the source of the judge's alleged prejudice.  To the extent that a judge has become biased due to facts that she has learned during a judicial proceeding, she must recuse herself only if fair judgment would be impossible.[7]  If the alleged partiality stems from a source other than a judicial proceeding, a judge must recuse herself if a reasonable person, knowing all of the facts, would harbor doubts concerning the judge's impartiality.[8]

---

[6] Rule 3.3(a)(1) states that: "[a] lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." Rule 8.4(c) states: ""[i]t is professional misconduct for a lawyer to: ... (c) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[7] *Liteky v. United States*, 510 U.S. 540, 555 (1994).

[8] *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860–61 (1988); *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir.1995).

Additionally, "[a] party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise."[9] Unless a judge's bias derives from an extrajudicial source or the record demonstrates "deep-seated favoritism or antagonism [on the part of the judge] that would make fair judgment impossible," disqualification for bias is not appropriate.[10] "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[11]

Furthermore, "**[b]oth bench and bar recognize ... that judges, not law clerks, make the decisions,**"[12] **and "[t]he statute itself *[i.e*, § 455] speaks of 'justice[s], judge[s], or magistrate[s],' not clerks**."[13] Moreover, most reasonable people would understand that judges are able to ferret out and set aside the potential biases of their law clerks.[14] Thus, even where a colorable conflict exists on the part of a law clerk, the proper remedy is sequestration of the law clerk from future involvement in the litigation, not recusal of the judge.[15] As the Eleventh Circuit eloquently stated: "Law clerk conflicts, however, are

---

[9] *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003).

[10] *United States v. Aldridge*, 561 F.3d 759, 764 (8th Cir. 2009) (quoting *Liteky*, 510 U.S. at 555).

[11] *Liteky*, 510 U.S. at 555.

[12] *In re Allied–Signal Inc.*, 891 F.2d 967, 971 (1st Cir.1989)(emphasis added).

[13] *Id.* (emphasis added).

[14] *See id*. ("[J]udges are fully capable (and believed by reasonable members of the public to be fully capable) of taking account of whatever 'bias' having a brother in a plaintiff's law firm might bring to a clerk.").

[15] *See In re Nazi Era Cases Against German Defendants Litig.*, 153 Fed. Appx. 819, 826 (3d Cir.2005) ("[I]solation of [conflicted] law clerks usually ameliorates the appearance of impropriety"). *Accord In re Allied–Signal Inc., supra*, at 972 ("If a clerk has a possible conflict of interest, it is the clerk, not the judge, who must be disqualified.") (quoting *Hunt v. American Bank & Trust Co. of Baton Rouge, Louisiana*, 783 F.2d 1011,

not necessarily judicial conflicts..."[16] The Ninth Circuit has stated that, "[w]here this [law clerk] involvement in the decision-making process is not present, courts have found it proper for a judge to remain on a case, holding that in such a circumstance the judge's impartiality may not be reasonably questioned."[17]

In *United States v. DeTemple*,[18] after his conviction for numerous counts of arson, wire fraud, and bankruptcy fraud, the defendant appealed on several grounds, one being that the district judge erred in refusing to recuse himself under Section 455(a) because one of the judge's law clerks had married the prosecutor. On appeal, the Fourth Circuit noted that, "Judge Stamp reasonably concluded that the marriage, which took place a month after DeTemple's initial indictment and almost two years prior to his criminal trial, involving a clerk, who the Judge took pains to see did not work on DeTemple's case, did not mandate the Judge's recusal on any ground.[19] Judge Stamp thus did not abuse his discretion in declining to recuse himself based on the marriage of his clerk."[20]

---

1016 (11th Cir.1986)).

[16] *Onishea v. Hopper*, 126 F.3d 1323, 1341 (11th Cir. 1997), *reversed on other grounds*, 171 F.3d 1289 (11th Cir. 1999)(citing *Parker v. Connors Steel Co.*, 855 F.2d at 1525 (recusal "might have been avoided if [the judge] would have taken steps to isolate [the clerk] from this case"); *Hunt v. American Bank & Trust Co.*, 783 F.2d 1011, 1015-16 (11th Cir.1986) ("If a clerk has a possible conflict of interest, it is the clerk, not the judge, who must be disqualified.")).

[17] *Hamid v. Price Waterhouse*, 51 F.3d 1411, 1416 (9th Cir. 1995)(determining that because the law clerk "had no involvement in the case at bar ... [a] reasonable person knowing all the facts regarding [the clerk's] relationship with the [defendant's] firm ... would not conclude that the impartiality of [the judge's] decisions in the case should be questioned.").

[18] 162 F.3d 279 (4th Cir. 1998).

[19] *Id.* at 286 n. 2 (citing *Hunt v. American Bank & Trust Co.*, 783 F.2d 1011, 1015-16 (11th Cir. 1986)(clerk's conflict of interest requires disqualification of clerk not judge)).

[20] *Id.*

In *United States v. Martinez*,[21] a defendant accused of a felony drug charge moved to recuse the district judge on the grounds that one of her law clerks was a former Special Assistant United States Attorney, and had actually initiated the prosecution against the defendant.[22] The law clerk had, in fact, presented the defendant's case to the Grand Jury, signed the indictment, and directed the Clerk of Court to issue a warrant for the defendant's arrest. The law clerk had previously represented the United States in the early pre-trial phase of prosecution, engaged in plea negotiations, and cross-examined the defendant at a suppression hearing.[23] The defendant initially entered a guilty plea, but later filed a motion to withdraw the guilty plea. After having hired the former prosecutor as his law clerk, the court held a hearing on the defendant's motion to withdraw the guilty plea. The court ultimately denied the defendant's motion and set the matter for sentencing. The motion to recuse the district judge was filed prior to the defendant's sentencing hearing.[24]

The court ultimately denied the defendant's motion to recuse, stating:

> From the outset of her employment, the court has undertaken measures to screen Ms. Baumann from the court's criminal docket to avoid any appearance of impropriety. Ms. Baumann was hired to work exclusively on the court's civil caseload. Ms. Baumann has not discussed the case at bar with the undersigned, nor has she worked on it. Ms. Baumann has not and will not have any involvement whatsoever with the undersigned's decisions in the case. *See Trammel v. Simmons First Bank of Searcy*, 345 F.3d 611, 613 (8th Cir.2003) (holding recusal not warranted where judge assured parties that law clerk would not have "any involvement whatsoever" with the

---

[21] 385 F.Supp.2d 779 (N.D. Iowa, 2005).

[22] *Id.* at 780.

[23] *Id.*

[24] *Id.*

court's handling of case).  Her mere presence in the chambers is not a sufficient reason for recusal.  "A judge is not necessarily forbidden ... to do all that is prohibited to each of [her] clerks." *Hunt*, 783 F.2d at 1015-16.  The court concludes "the average person on the street" would not reasonably question the undersigned's impartiality because of Ms. Baumann's former employment.[25]

Applying the law and jurisprudence to the case before the Court, recusal is clearly not warranted.  As set forth above, because the plain language of section 455(a) applies to judges and magistrate judges, and not to law clerks,[26] there was no potential conflict to disclose to the parties or for which to obtain a waiver.  It is the potential conflict of the judge, and not a law clerk, that must be disclosed to the parties.  Here, the undersigned has no family, social, or business ties to the United States Attorney that required disclosure.

At the time of this law clerk's hire, when J. Walter Green was still an Assistant United States Attorney, the Court conducted legal research, contacted the Administrative Offices for the United States Courts, and conferred with other judges who employ conflicted law clerks to determine the best means and manner of screening the subject law clerk in order to assure compliance with ethical obligations and best practices.  Counsel's assertion that "the Defendant is led to believe that the Court had something to hide" is wholly unsupported.[27]  Diligent attention and care have been taken by the Court to shield this

---

[25] *Id.* at 782.

[26] *See* n. 13, *supra.*

[27] The Court cautions counsel for the Defendant that this comment comes dangerously close to violating Rule 8.2(a) of the Louisiana Rules of Professional Conduct, which states that: "[a] lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, adjudicatory officer or public legal officer, or of a candidate for election

particular law clerk from any and all cases involving the United States since the date of the clerk's hire. The Court had no duty to disclose this law clerk's status since it is wholly irrelevant to cases involving the United States, including but not limited to this case.

Notably, this is not a situation where the law clerk at issue was working on Defendant's case, and, once made aware of the potential conflict, she was then shielded from the case. Rather, after careful consideration, research and collaboration with judicial colleagues, this Court prophylactically screened this law clerk from working on any criminal or civil case involving the United States as a party from the very inception of her employment with this chambers. Thus, disclosure at the beginning of the case would not have changed the measures taken by the Court or any reasons given herein to support the Court's denial of this motion.

Finally, counsel for the Defendant suggests that the Court is obliged to disclose its law clerk in every criminal case. Not only is this sort of disclosure not required, but it would present a very serious security threat to chambers employees. There is no rational reason why criminal defendants, some of whom have been charged with serious and sometimes heinous crimes, have the right to know the names or identities of any ancillary or support staff who may assist the Judge assigned to the case. Judicial offers understand the public nature of their positions and the risks associated therewith, and are provided the appropriate security measures by the United States Marshals Service. Law clerks and

---

or appointment to judicial or legal office."

other ancillary chambers staff are not public figures and do not receive this measure of security provided to Judicial officers.

For all of the reasons set forth above, and because the Defendant's motion is unsupported by the facts and applicable jurisprudence, the Court finds that recusal in this case would be based on no more than "unsupported, irrational or highly tenuous speculation."[28]  Accordingly, the Motion[29] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on <u>April 25, 2014</u>.

*[signature: Shelly D. Dick]*

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[28] *United States v. Greenough*, 782 F.2d 1556 (11th Cir. 1986).

[29] Rec. Doc. 101.