**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

UNITED STATES OF AMERICA

VERSUS

CRIMINAL ACTION
NO. 13-111-SDD-SCR

RAYMOND CHRISTOPHER REGGIE

**RULING**

This matter is before the Court on the Government's *Notice Regarding 404(b) Evidence of Tax Fraud and Bank Fraud*.[1] The Defendant, Raymond Christopher Reggie ("Defendant" or "Reggie") filed an *Opposition*[2] to the use of this evidence. The Court heard argument on this issue at the April 14, 2014 hearing and took the matter under advisement.[3] The Court now issues this partial ruling.

The Government seeks to introduce uncharged conduct of tax and bank fraud allegedly committed by Reggie, who is charged in this matter with five counts of wire fraud. To obtain a conviction for wire fraud, the Government must prove the following elements:

1) that the Defendant knowingly devised or intended to devise any scheme to defraud, or to obtain money by material false pretenses, promises or representations;

2) that the scheme to defraud employed false material representations, pretenses, and promises;

---

[1] Rec. Doc. No. 62.

[2] Rec. Doc. No. 75.

[3] Rec. Doc. No. 100.

Doc 2027          1

3) that the Defendant transmitted (or caused to be transmitted) by way of wire communications, in interstate commerce, any writing (sign, signal, picture, or sound) for the purpose of executing such scheme; and

4) that the Defendant acted with a **specific intent to defraud**.[4]

The Government contends the 404(b) evidence it seeks to introduce is relevant to the issue of whether "the Defendant acted with a specific intent to defraud." Specifically, the Government argues that Reggie's defense will be that the majority owner of SAG was aware of, and approved, the scheme to submit false advertising expenses to SAG and the consequent diversion of SAG payments to Reggie's personal bank account. Thus, according to Reggie, the scheme to divert SAG funds was a means for the majority partner to additionally compensate Reggie for his SAG work without the knowledge of SAG's minority partners. As such, Reggie asserts he lacked the intent to defraud since he, in good faith, believed the third party vendor scheme was a legitimate means of compensating him for his work.

**I.  RULE 404(b) EVIDENCE**

Federal Rule of Evidence 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...

---

[4] Fifth Circuit Pattern Jury Instruction 2.60 (emphasis added).

Other acts evidence is admissible under Rule 404(b) if: 1) it is "relevant to an issue other than the defendant's character, and 2) the incremental probative value is not substantially outweighed by the danger of unfair prejudice to the defendant."[5]

The Government relies on Fifth Circuit precedent which holds that "Rule 404(b) is a rule of inclusion" which allows admission of relevant evidence of other crimes or acts, unless such evidence "tends to prove only criminal disposition."[6] The Rule "very broadly recognizes admissibility of prior crimes for other purposes."[7]

According to the Government, a defendant who raises a defense to the intent to defraud element, or even pleads guilty to a charge including this element of specific intent to defraud, puts intent at issue.[8]

The Defendant contends that the proffered evidence satisfies neither element of *Beechum*: that it is only offered to show bad character rather than intent, and that the unfair prejudice far outweighs probative value because the jurors will be confused regarding the actual crime charged and this evidence would essentially create a "trial within a trial."

### A. Relevance

The Government notes that "[i]n cases where intent is in contention, as noted by the Supreme Court, '[e]xtrinsic acts evidence may be critical to the establishment of the truth'

---

[5] *U.S. v. Cheramie*, 51 F.3d 538 (5th Cir. 1995). *See also U.S. v. Beechum*, 582 F.2d 898 (5th Cir. 1978)(en banc).

[6] *U.S. v. Shaw*, 701 F.2d 367, 386 (5th Cir. 1983).

[7] *Id.*

[8] The Government cites *U.S. v. Gold Unlimited, Inc.*, 177 F.3d 472, 487 (6th Cir. 1999).

when the 'issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct.'"[9]

The Government relies on the following Fifth Circuit cases in support of its position: *United States v. Matthews*,[10] where extrinsic evidence of falsified documents and invoices was held admissible against mail fraud defendant who claimed he lacked the intent to defraud, and that he acted in good faith; *United States v. Richards*,[11] where the court held extrinsic evidence was properly admitted against the wire fraud defendant who claimed he lacked the intent to defraud; *United States v. Leahy*,[12] where the court held that extrinsic evidence that the defendant previously submitted false invoices was deemed admissible in wire fraud prosecution for submitting false invoices to a government agency; and *United States v. Morgan*,[13] where the court held that the defendant's defense that she lacked intent to defraud justified the use of extrinsic evidence.

Under the foregoing jurisprudence and based on the oral argument presented by the parties at the hearing on this matter, the Court finds that the first prong of *Beechum* is satisfied as Defendant's theory of defense has placed his intent to defraud squarely at issue in this case.

---

[9] Rec. Doc. No. 42-6, quoting *Huddleston v. U.S.*, 485 U.S. 681 (1988).

[10] 12 F.3d 1099 at *5 (5th Cir. 1993).

[11] 204 F.3d 177, 200 (5th Cir. 2000).

[12] 82 F.3d 624, 636 (5th Cir. 1996).

[13] 505 F.3d 332, 340 (5th Cir. 2007).

### B.  Balancing Probative Value with Unfair Prejudice

If relevant, 404(b) evidence is limited only by whatever strictures the rules themselves otherwise provide. Thus, at this stage, "the trial judge may exclude [relevant evidence of extrinsic acts] only on the basis of those considerations set forth in Rule 403, *i.e.*, prejudice, confusion or waste of time."[14]

"In weighing the probative value and unfair prejudice, this court must make a 'commonsense assessment of all the circumstances surrounding the extrinsic offense.' Probative value 'must be determined with regard to the extent to which the defendant's unlawful intent is established by other evidence, stipulation, or inference.' "[15] Other factors to be considered include " 'the overall similarity of the extrinsic and charged offenses, and the amount of time that separates the extrinsic and charged offenses' as well as any limiting instructions."[16]

However, similar to the Defendant's arguments on this issue, the Fifth Circuit has also held that "[o]ne of the dangers inherent in the admission of 'other acts' evidence is that the jury might convict the defendant 'not for the offense charged but for the extrinsic offense.'"[17] This danger is "particularly great where ... the extrinsic activity was not the subject of a conviction; the jury may feel that the defendant should be punished for that

---

[14] *Beechum*, 582 F.2d at 911.

[15] *United States v. Pruett*, 681 F.3d 232, 245 (5th Cir. 2012), quoting *United States v. Cockrell*, 587 F.3d 674, 678-79 (quoting *Beechum*, 582 F.2d at 914).

[16] *Id.* quoting *Cockrell*, 587 F.3d at 679 (quoting *United States v. Richards*, 204 F.3d 177, 199–201 (5th Cir. 2000)).

[17] *United States v. Ridlehuber*, 11 F.3d 516, 521, quoting *Beechum*, 582 F.2d at 914.

activity even if he is not guilty of the offense charged."[18] To guard against this danger, Rule 404(b) excludes extrinsic offense evidence when it is relevant solely to the issue of the defendant's character. Even if the extrinsic act evidence is probative for "other purposes" recognized by Rule 404(b), such as showing motive or intent, the probative value of the evidence must be weighed against its prejudicial impact.[19]

The decision by the District of Delaware in *United States v. Johnson*[20] is instructive in this case. In *Johnson*, the defendants were charged with mail and wire fraud. The Government sought to introduce the defendant's tax returns from 2003, 2004, 2005, & 2006 to show fraudulent intent in that no return was filed until June of 2007 after a defendant was questioned about compensation relating to the charged crimes.[21] The Government argued that the circumstances surrounding the 2005 tax return indicated that it was filed to conform to false statements the defendant had made to the FBI, thus proving fraudulent intent. Further, the Government contended that the 2003, 2004, and 2006 returns, wherein defendants reported no income from the relevant entities, underscored the falsity of the 2005 filing and the defendants' intent to defraud.[22]

Similar to Reggie's arguments here, the *Johnson* defendants argued that the tax returns were not intrinsic because no tax-related charges were part of the Indictment. The defendants also argued that the alleged tax-related offenses did not directly prove any of

---

[18] *Id.*, quoting *Beechum*, 582 F.2d at 914.

[19] *Id.*

[20] 262 F.R.D. 410 (D.Delaware 2009).

[21] *Id.* at 414.

[22] *Id.*

the charged crimes and the Government was simply using the returns as "complete the story" evidence.[23]

Although the Government offered the tax returns as intrinsic evidence, it also argued that the returns were alternatively admissible under Rule 404(b) as extrinsic evidence because they demonstrated the defendants' intent to defraud, which is a proper evidentiary purpose under 404(b).[24] The defendants responded that the tax return evidence "is of a different nature than the charged crimes, and accordingly, is too attenuated to demonstrate fraudulent intent in the charged crimes."[25]

The court held that the tax returns at issue were intrinsic evidence. The court stated that, "the fact that no tax-related offenses are alleged in the Indictment does not preclude the tax returns from being used to prove the charged crimes. In other contexts, the Third Circuit has recognized that uncharged tax offenses are admissible as proof of charged crimes."[26] The court also noted that "[o]ther circuits have recognized that a defendant's tax return is properly admissible as intrinsic evidence of intent to defraud in fraud prosecutions."[27]

---

[23] *Id.*

[24] *Id.* at 415.

[25] *Id.*

[26] *Id.*, citing *U.S. v. Chandler*, 326 F.3d 210, 215-16 (3d Cir. 2003)(holding that the government may introduce tax evidence, coupled with evidence of cash purchases, to support its assertion that the defendant had no legitimate source of income).

[27] *Id.*, citing *U.S. v. Epstein*, 426 F.3d 431, 439 (1st Cir. 2005)(holding that in a mail fraud, wire fraud, and conspiracy to commit mail and wire fraud prosecution, the defendant's tax return was intrinsic evidence because it reported the income defendant had received from the fraudulent scheme, and it was suggestive of defendant's knowledge of the fraudulent scheme because not all income was reported).

The defendants in *Johnson* had relied on a decision from the Eastern District of Louisiana in *United States v. Impastato*,[28] where that court had excluded tax evidence. The *Johnson* court distinguished *Impastato*, stating: "[u]nlike *Impastato*, relied on by Defendants, the non-tax, charged allegations share the same factual basis as tax return evidence."[29] The court continued: "Contrary to Defendants' position, an alleged pattern of concealing income, demonstrated by the tax return evidence as a whole, serves as direct proof that Defendants' possessed the requisite fraudulent intent for the crimes charged."[30]

The *Johnson* court also rejected the defendants' argument that the prejudice outweighed the probative value:

> The Court is not persuaded that any potential prejudice Defendants may suffer from admission of the tax return evidence substantially outweighs the probative value of the evidence. A Rule 403 balancing must be conducted even if evidence is determined to be intrinsic. *Haas*, 184 Fed.Appx. at 234. Defendants contend that if the tax return evidence is admitted, they will need to consult an expert to review and explain the filings. Further, Defendants contend that a lengthy presentation of evidence regarding tax law will confuse the jury and the issues at trial. While this may be a valid concern, it can be addressed by an appropriate limiting instruction.[31]

Similarly, in *United States v. Jensen*,[32] the Fifth Circuit upheld the convictions of a defendant accused of conspiracy and wire fraud, among several other charges. The court held that evidence of extrinsic offenses involving false tax returns and false loan documents

---

[28] 535 F.Supp.2d 732 (E.D. La. 2008).

[29] *Id.* at 416.

[30] *Id.* (emphasis added).

[31] *Id.* (emphasis added). Defendant Reggie has made the same argument in the present case.

[32] 41 F.3d 946 (5th Cir. 1994).

was admissible to prove Jensen's intent, where Jensen's defense was that he lacked the culpable state of mind and did not intentionally mislead people.[33]

Based on the foregoing jurisprudence, the Court believes that the proper limiting instruction could cure any unfair prejudice relating to the introduction of this evidence. However, the Court will defer to trial a final determination of this matter, reserving the Defendant's right to argue unfair prejudice in light of the cases discussed above.

## II. CONCLUSION

For the reasons set forth above, the Court finds that the 404(b) evidence offered by the Government is relevant under the *Beechum* test. The Court will allow the parties to argue the balance of probative value and unfair prejudice at trial.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on September 8, 2014.

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[33] *Id.* at 958. (emphasis added).