**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

UNITED STATES OF AMERICA

VERSUS

CRIMINAL ACTION
NO. 13-111-SDD-SCR

RAYMOND CHRISTOPHER REGGIE

## RULING

This matter is before the Court on the Government's *Motion in Limine To Exclude Evidence, Questioning, and Argument of Victim Approval To Commit Scheme To Defraud*[1] and Defendant, Raymond Christopher Reggie's ("Defendant" or "Reggie") corresponding *Notice of Intent to Use 404 Evidence and/or Motion in Limine*.[2] The Court heard argument on these motions at the June 20, 2014 hearing and deferred these motions to trial.[3] After further consideration of these motions and the arguments presented by counsel, the Court finds that the Government's *Motion in Limine* should be granted, and the Defendant's *Notice of Intent and/or Motion in Limine* should be denied for the following reasons.

The Defendant seeks to introduce evidence at trial that the SAG majority owner "was aware of and participated in said payments" and benefitted from Reggie's receipt of "third

---

[1] Rec. Doc. No. 86.

[2] Rec. Doc. No. 63.

[3] Rec. Doc. No. 117.

Doc 2030　　　　　　　　　　　　　　　1

party checks"; proof of "numerous fake invoices ...submitted to Ford and GM for reimbursement of advertising expenses ... evidence of prior fraudulent requests that will "demonstrate a propensity" by SAG's majority owner to seek improper requests for reimbursement." The Defendant will also seek to introduce evidence that SAG's majority owner was accused of fraudulently receiving monies from Regency Ford without the knowledge of another owner ... and was "accused of receiving kickbacks from vendors while an owner of Regency Ford, just as he received monies back from Mr. Reggie, who was a vendor of SAG."[4] The Defendant contends that this evidence will negate Reggie's alleged "intent to defraud" and show that he acted in good faith. The Defendant further contends the majority of cases relied upon by the Government address giving the good faith instruction to the jury, rather than admitting testimony, questioning, and evidence, and are therefore distinguishable. Finally, the Defendant contends that Krake is not merely an "agent" of an institution, but the majority shareholder (*i.e.*, the "owner") of SAG, which is distinguishable from the Governments offered cases.

The Government opposes this motion and files its own motion *in limine* to exclude such evidence on the grounds that: (1) nothing Reggie alleges done by the witness implicates another for his guilt; (2) Reggie cites no legal authority to support introduction of the evidence he suggests; (3) the claim that Defendant seeks to introduce the evidence to show a "propensity" is actually in violation of the Rules of Evidence; and (4) Reggie cannot prove that the witness in fact committed the acts Reggie alleges. The Government notes that the Fifth Circuit has held "[t]he agent of a financial institution is never empowered

---

[4] Rec. Doc. No. 63.

to authorize a fraud on the institution."[5]  Furthermore, it has clearly been held that, "the fact that a defalcating agent of the bank instructed [defendants] does not prove that [defendants] are innocent of defrauding the bank."[6]  Here, the Government contends, "[t]he contested fact of Krake's approval to commit the fraud against SAG, even if true, does not equate to Reggie's innocence of the fraud."[7]

The Government does not dispute a defendant's opportunity to present evidence that a third party committed the crime for which that defendant is accused; however, the Government contends this is not what Reggie intends to do.[8]  The Government also argues that Rules 607, 608, and 609 of the Federal Rules of Evidence govern the use of evidence of a witness' character for truthfulness, and these rules should apply in any attempt to impeach this particular witness, especially in light of the Advisory Note following rule 608 that "[T]he general position is taken that character evidence is not admissible for the purpose of proving at the person acted in conformity therewith...", which is precisely what the Defendant seeks to accomplish in admitting the evidence is offered to show a "propensity."  Moreover, the Government contends that the proponent of 404(b) evidence

---

[5] Rec. Doc. No. 86, p. 5 (*See United States v. Gregory*, 730 F.2d 692, 701 (11th Cir.1984) (stating that a bank's board of directors "cannot validate a fraud on the bank"); *see also United States v. Aubin*, 87 F.3d 141, 148 (5th Cir.1996) (same); *United States v. Salinas*, 654 F.2d 319, 328 (5th Cir. Unit A Aug.1981)FN9 (same), *overruled in part on other grounds, United States v. Adamson*, 700 F.2d 953 (5th Cir. Unit B 1983); 18 U.S.C. § 656 (criminalizing embezzlement or misapplication of bank funds by a bank's employees or agents)).

[6] *Id.* at p. 6, quoting *U.S. v. Hamaker*, 455 F.3d 1316, 1326 (11th Cir. 2006).

[7] *Id.* at p. 7.

[8] *See Holmes v. South Carolina*, 547 U.S. 319, 329 (2006)("Evidence tending to show the commission by another person of the crime charged may be introduced by accused **when it is inconsistent with, and raises a reasonable doubt of, his own guilt**; but frequently matters offered in evidence for this purpose are so remote and lack such connection with the crime that they are excluded.").

of "other bad acts" must actually be capable of proving that the witness committed the alleged acts.

While the Court recognizes that the Defendant may properly impeach any Government witnesses within the scope of Rules 607, 608, and 609 of the Rules of Evidence, the Court agrees with the Government's four proffered reasons to exclude the evidence offered as extrinsic. This is not an alternative perpetrator defense; *i.e.*, Reggie attempting to create reasonable doubt as to his guilt by inferring the guilt of a third party. Rather, Reggie is arguing his acts were endorsed and ratified by the SAG owner. As the Government points out, even if true, this theory does not exonerate or disprove Reggie's own guilt. Even if Reggie's contention is true, the owner or CEO of a business cannot legally authorize a fraud against that business or its shareholders. Furthermore, Defendant admits this evidence is introduced to show a "propensity" which is expressly outside the limits of Rule 404(b). Finally, the Court finds that Reggie has presented only conclusory allegations of this conduct, and 404(b) evidence must be acts that can be proven to have occurred. If the Defendant can offer some evidentiary or jurisprudential support at trial to introduce this evidence, the Court will revisit the issue at that time.

On the current record before the Court, and based on the arguments by counsel at the hearing, the Government's *Motion in Limine To Exclude Evidence, Questioning, and Argument of Victim Approval To Commit Scheme To Defraud*[9] is GRANTED, and Defendant's *Notice of Intent to Use 404 Evidence and/or Motion in Limine*[10] is DENIED

---

[9] Rec. Doc. No. 86.

[10] Rec. Doc. No. 63.

without prejudice to the Defendant's right to impeach this witness within the confines of Rules 607, 608, and 609 of the Federal Rules of Evidence.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on September 8, 2014.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**