## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| *versus* | : CRIMINAL NO. 13-111-JWD |
| | : |
| RAYMOND C. REGGIE | : |

### UNITED STATES' OPPOSITION TO TERMINATION OF SUPERVISED RELEASE

**NOW INTO COURT** comes the United States of America, by Ronald C. Gathe, Jr., United States Attorney for the Middle District of Louisiana, through René I. Salomon and Elizabeth White, Assistant United States Attorneys, who now reply to, and oppose, the inmate's Motion for Early Termination of Supervised Release Pursuant to 18 U.S.C. 3583(e). R.Doc. 548.

**Sentence**

An Amended Judgment was entered on March 3, 2020. R.Doc. 516. The Court imposed a term of imprisonment of time served along with a term of 3 years supervised release. The following special condition of supervised release was imposed:

> The defendant shall be placed on home detention, with location monitoring, by radio frequency, for a period of 24 months, to commence immediately upon release from imprisonment, or within ten days from the date of sentencing, during which time the defendant shall comply with the standard rules of this program. The defendant shall contribute to the cost of this program to the extent that the defendant is deemed capable by the United States Probation Officer, subject to the court's review upon request.

**Reggie's Request**

"Raymond Reggie prays for early termination of supervised release." R.Doc. 548 p. 3.

**Legal Standard**

Title 18, United States Code, Section 3583(e) pertinently provides:

> **Modification of conditions or revocation.**--The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--
> **(1)** terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.[1]

**United States' Opposition**

The United States opposes the request for early termination of Reggie's 3 year term of supervised release. The victims (Supreme Automotive Group ("SAG")) of Reggie's 4 year scheme to defraud (2008-2012), and the 8 year odyssey (2012-2020) to obtain some measure of justice and recompense, have been asked to provide their input. The victim's General Counsel Dan Zelenka provided input as to Reggie's request and the payment of restitution. SAG's General Counsel's position is set forth below:

> I can confirm that the civil litigation against Reggie has been settled. That does not mean that Supreme has been made whole. Reggie's fraud harmed Supreme and its members in ways that linger to this day. Further, in the settlement, Supreme did not receive all of the principal, interest or attorney's fees that Reggie's actions cost the company. Finally, Reggie attacked the Krakes personally. As you well know, rather than admit his guilt and voluntarily assist Supreme in recouping its losses, Reggie fought both the civil and criminal actions for almost a decade. For these reasons, the

---

[1] 3553(a)(1) refers to "the nature and circumstances of the offense and the history and characteristics of the defendant;" (a)(2)(B) incorporates "the need for the sentence imposed to afford adequate deterrence to criminal conduct;" (a)(2)(C) includes "to protect the public from further crimes of the defendant;" (a)(2)(D) "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" (a)(4) refers to "the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines;" (a)(5) addresses "any pertinent policy statement--issued by the Sentencing Commission;" (a)(6) refers to "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (a)(7) "the need to provide restitution to any victims of the offense."

2

Supreme companies and their members strenuously object to any action that would lessen Reggie's sentence.

Section 3583(e) incorporates reference to factors set forth in Section 3553. In determining the early termination of Reggie's supervised release, the Court may refer to 3553(a)(1) "the nature and circumstances of the offense and the history and characteristics of the defendant" as well as (a)(2)(B) which incorporates "the need for the sentence imposed to afford adequate deterrence to criminal conduct" and (a)(2)(C) which is designed "to protect the public from further crimes of the defendant." These factors support the victim's opposition to favorable treatment for Reggie.

In regard to "the nature and circumstances of the offense and the history and characteristics of the defendant," it is undeniable that Reggie attempted to defend himself by lobbing false accusations at the victims and engaging in a scorched-earth litigation effort. His history and characteristics merit no relief.

In regard to (a)(2)(B) which incorporates "the need for the sentence imposed to afford adequate deterrence to criminal conduct," it is likewise undeniable that Reggie is a thrice convicted federal felon. Over the course of 20 years, Reggie has been convicted of fraud in the Eastern District of Louisiana and been twice convicted of fraud in the Middle District of Louisiana. Any mitigation of sentence for Reggie must be rejected; to afford relief is to diminish the abundant need to deter this felon's penchant for fraud. Affording relief also diminishes "adequate deterrence to criminal conduct."

Finally, regarding (a)(2)(C) which is designed "to protect the public from further crimes of the defendant," Reggie is an economic crime menace who should have restricted

3

and monitored access to the public. In short, the public must be protected from his recidivist behavior.

Reggie has already received favorable treatment based upon his medical status. In short, the Plea Agreement and sentence he received accommodated his medical needs. He now again invokes medical status to seek additional favorable treatment not available to the heartland of defendants like him. Furthermore, interstate and international travel have not been proven necessary.

For the reasons set forth above, the United States opposes an early termination of the term of supervised release imposed on Reggie. The United States "is [not] satisfied that such action is warranted by the conduct of the defendant released and [in] the interest of justice."

**Approval of EDLA USPO is not Dispositive**

Reggie's request asserts as follows:

> Undersigned counsel has spoken with Mr. Reggie's probation officer, Mr. Michael Hall. Mr. Hall is aware that this Motion is being filed and he has no objection to an early termination of supervised release for Raymond Reggie.

To an extent, the above representation is accurate. Although EDLA USPO Hall may have no objection, he is only a "courtesy" location monitoring officer, at the request of the USPO for the Middle District of Louisiana. Officer Hall is <u>not</u> the controlling Probation Officer who sits in a position of making a dispositive recommendation for the Middle District of Louisiana. Actual supervision of Reggie rests with Officer Cassandra Robbins of the USPO, Middle District of Louisiana. Officer Robbins should be afforded an opportunity to furnish her input. Apparently, Reggie has not sought such input.

**Return of Passport is not Demonstrably Merited**

Reggie's has informed the court that "Reggie and his medical team are also exploring international clinical trials." There is no further information about "international clinical trials" provided in his request for a return of his passport.

A demonstrable basis for Reggie's request for a return of his passport has not yet been shown. The request is opaque, at best. The United States opposes such return of the passport until additional proof is presented of the need for such requested return of the passport.

**Conclusion**

The United States opposes Reggie's request for early termination of supervised release, as well as Reggie's request for the return of his passport.

UNITED STATES OF AMERICA, by

RONALD C. GATHE, JR.
UNITED STATES ATTORNEY

/s/ Rene I. Salomon
Rene I. Salomon, LBN 11671

//s// Elizabeth E. White
Elizabeth E. White, LBN 36295
Assistant United States Attorneys
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0561
E-mail: rene.salomon@usdoj.gov
E-mail: Elizabeth.white@usdoj.gov

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | Docket No. 13-111-JWD-EWD |
| *versus* | : | |
| | : | |
| RAYMOND CHRISTOPHER REGGIE | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2022, a true and correct copy of the United States' Opposition to Early Termination of Supervised Release was filed with the Clerk of Court using the CM/ECF system.

          //s//  René I. Salomon
          RENÉ I. SALOMON
          Assistant United States Attorney